UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
**United States of America**

        -against-                                                      <u>**ORDER**</u>

**Rawle Daisley,**                                                         **95-M-059 (SMG)**

                            **Defendant.**
------------------------------------------------------------X
**GOLD, S., U.S.M.J.:**

      Defendant Rawle Daisley sent three letters to this Court in May and June of 2006. In his letters, Daisley essentially seeks three remedies with respect to his criminal record: 1) correction of his record with respect to a 1995 arrest, 2) expunction of his 1995 arrest, and 3) advice as to how he can sue the government because of his 1995 arrest and subsequent inaccurate record. Daisley alleges that he has had difficulty obtaining employment because a background check states that the 1995 criminal case is still pending without disposition, even though the case was dismissed more than 10 years ago.

      By Order dated May 22, 2006, I directed the government to explain why Daisley's criminal record reflected that his case, which was dismissed in 1995 according to this court's records, appeared to be pending on Daisley's criminal record, and to make any appropriate corrections to Daisley's record. Docket Entry 7. On July 17, 2006, the government provided an updated criminal history record for Daisley, which now accurately reflects that the 1995 case was dismissed on February 17, 1995. Accordingly, this issue is now moot.

      Second, Daisley seeks expunction of his 1995 arrest from his criminal record. The 1995 charges were dismissed by the government one month after Daisley's arrest. Daisley seeks expunction because he alleges that the charges were false and because they have harmed his ability to find gainful employment.

Expunction is a remedy within the equitable discretion of the court but should be granted only in "extreme circumstances." *U.S. v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977), *cert denied* 435 U.S. 907 (1978) (citation omitted). In deciding whether expunction is appropriate, a court must balance the vital law enforcement need to maintain records against the individual's right of privacy and the harm that results from the maintenance of those records. *Id*.

> Generally expungement is reserved for cases in which an arrest was unconstitutional, an arrest was made for purposes of harassment (such as in the case of civil rights of workers), a determination of probable cause was impossible because arrests were made en masse, or the criminal records have been misused by the government.

*U.S. v. Hasan*, 2002 WL 31946712, at *1 (E.D.N.Y. Dec. 4, 2002) (citations omitted). None of these circumstances are present in this case, and expunction therefore would not be appropriate.

Some courts have recognized that the inaccuracy of records may be sufficient grounds for expunction. *See Doe v. Immigration and Customs Enforcement*, 2004 WL 1469464, at * (S.D.N.Y. June 29, 2004); *Doe v. U.S.*, 964 F. Supp. 1429, 1433 (S.D. Cal. 1997). Daisley's record, however, has now been corrected. Although Daisley may have found it difficult to obtain employment due to the inaccuracy of his criminal record, this can no longer provide a basis for expunction now that the record has been corrected. Moreover, courts have consistently held that adverse employment consequences are not sufficient grounds, when balanced against the government's need to preserve records, to warrant expunction. *Schnitzer*, 567 F.2d at 540; *U.S. v. Lau*, 2003 WL 22698810, at *3 (S.D.N.Y. Nov. 14, 2003); *U.S. v. James*, 2003 WL 21056989, at *2 (E.D.N.Y. Feb. 13, 2003); *Hasan*, 2002 WL 31946712 at *2; *Slansky v. White*, 1996 WL 312401, at *2 (S.D.N.Y. June 10, 1996); *In re Farkas*, 783 F. Supp. 102, 104 (E.D.N.Y. 1992).

Accordingly, I do not find that Daisley's case presents a rare and "extreme circumstance" justifying expunction. Daisley's application for expunction is therefore denied.[1]

Lastly, Daisley seeks this Court's advice as to how he can sue the government for his false arrest and for injuries he has suffered due to the inaccurate criminal record. It would not be appropriate for this Court to provide Daisley with legal advice. However, Daisley may wish to seek guidance about court procedures from the Court's *Pro Se* Clerks Office, (718) 613-2665, which may be able to provide some assistance if he wishes to prosecute a civil action.

                                                                 **SO ORDERED.**

                                                                 /s/
                                            **STEVEN M. GOLD**
                                            **United States Magistrate Judge**

Brooklyn, New York
December 5, 2006

---

[1] Two Circuits have recently held that a district court lacks jurisdiction to expunge records based solely on equitable grounds. *See U.S. v. Meyer*, 439 F.3d 855 (8th Cir. 2006); *U.S. v. Sumner*, 226 F.3d 1005 (9th Cir. 2000). The Second Circuit has not explicitly considered the issue since these cases were decided. *But see Garcia v. Teitler*, 443 F.3d 202, 207 (2d Cir. 2006) (citing *Schnitzer* favorably as support for the conclusion that a district court may exercise ancillary jurisdiction over a fee dispute in an ongoing criminal case). In this case, moreover, the court has ancillary jurisdiction over Daisley's motion for expunction because his application is based in part on an inaccurate criminal record and not solely on equitable grounds.